JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment & Natural Resources Division

DAVIS H. FORSYTHE (CO Bar No. 51737)
davis.forsythe@usdoj.gov
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1391
Facsimile: (303) 844-1350

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PARKER-HANNIFIN CORP.,<br><br>Defendant. | Civil Action No. 2:20-cv-11332<br><br>**COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF UNDER THE CLEAN WATER ACT** |

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. §§ 1319(b) and (d). Plaintiff seeks civil penalties and injunctive relief against Defendant Parker-Hannifin Corporation for (1) violating Section 307 of the CWA, 33 U.S.C. § 317, and the pretreatment standards contained in an industrial wastewater discharge permit issued to Defendant under a State pretreatment program approved pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b); and (2) for failing to comply with an administrative order on consent ("AOC") that EPA issued to Defendant under Section 309(a) of the CWA, 33 U.S.C. § 1319(a). These violations relate to Defendant's membrane and filter manufacturing facility in Oxnard, California.

## JURISDICTION, AUTHORITY, VENUE, AND NOTICE

2. This Court has subject matter jurisdiction over this action under 33 U.S.C. § 1319(b) and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in the Central District of California under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), as well as 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which the alleged violations occurred and where Defendant conducts business.

4. Authority to bring this action is vested in the United States Department of Justice under 33 U.S.C. §§ 1319(b) and 1366 and 28 U.S.C. §§ 516 and 519.

5. The United States has provided notice of the commencement of this action to the State of California under Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

6. Defendant is an Ohio corporation with a principal place of business at 6035 Parkland Boulevard in Cleveland, Ohio.

2

Complaint
Civil Action No. v2:20-cv-11332

7. Defendant is the current owner and operator of a membrane and filter manufacturing facility located at 2340 Eastman Avenue in Oxnard, California ("Facility").

## STATUTORY AND REGULATORY BACKGROUND

8. The objective of the CWA is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To that end, the CWA prohibits the discharge of pollutants into the navigable waters of the United States, except discharges that are in compliance with Sections 307 and 402 of the CWA, 33 U.S.C. §§ 1317 and 1342, among others. *See* 33 U.S.C. § 1311(a).

9. Section 307 of the CWA, 33 U.S.C. § 1317, establishes a regulatory scheme for sources of pollutants that do not directly discharge into waters of the United States, but instead introduce pollutants into publically owned treatment works ("POTWs"), which in turn discharge pollutants into navigable waters. A POTW is a treatment works that is owned by a state or municipality. 40 C.F.R. § 403.3(q).

10. Section 307(b) of the CWA, 33 U.S.C. § 1317(b), directs the Administrator of EPA to publish regulations establishing pretreatment standards governing the introduction of pollutants into POTWs that are not susceptible to treatment by POTWs or that would interfere with the operation of POTWs.

11. Under the authority of Section 307(b) of the CWA, 33 U.S.C. § 1317(b), EPA promulgated National Pretreatment Standards, which are codified at 40 C.F.R. Part 403.

12. Section 307(d) of the CWA, 33 U.S.C. § 1317(d), prohibits any owner or operator of any source to operate in violation of any pretreatment standard promulgated under Section 307 of the CWA.

13. "Pretreatment Standard" means "any regulation containing pollutant discharge limits promulgated by the EPA in accordance with section 307(b) and

(c) of the [Clean Water] Act, which applies to Industrial Users . . . includ[ing] prohibitive discharge limits established pursuant to § 403.5." 40 C.F.R. § 403.3(*l*).

14. An "Industrial User" is defined as "a source of Indirect Discharge," 40 C.F.R. § 403.3(j); "Indirect Discharge" is the "introduction of pollutants into a POTW from any non-domestic source regulated under section 307(b), (c) or (d)" of the CWA, 40 C.F.R. § 403.3(i).

15. "Pretreatment" means "the reduction of the amount of pollutants, the elimination of pollutants, or the alteration of the nature of pollutant properties in wastewater prior to or in lieu of discharging or otherwise introducing such pollutants into a POTW. The reduction or alteration may be obtained by physical, chemical or biological processes, process changes or by other means . . . ." 40 C.F.R. § 403.3(s).

16. The National Pretreatment Standards require certain POTWs to develop POTW Pretreatment Programs that control, through permits, orders, or other means, the contribution of each Industrial User to the POTW to ensure compliance with applicable pretreatment standards. 40 C.F.R §§ 403.8(a) and (f).

17. POTW Pretreatment Programs must provide for issuance of permits or equivalent individual control mechanisms to each "Significant Industrial User." 40 C.F.R § 403.8(f)(1)(iii). A Significant Industrial User is defined, *inter alia*, as an Industrial User that discharges an average of 25,000 gallons per day or more of process wastewater to the POTW or is designated as having a reasonable potential for adversely affecting the POTW's operation or for violating any pretreatment standard or requirement. 40 C.F.R. § 403.3(v)(1)(ii).

18. Section 403.5 of the National Pretreatment Standards establishes prohibitive discharge limits for pollutants introduced into POTWs. Subsection (c) authorizes POTWs to establish "local limits" to ensure the POTW's compliance with the terms of its own National Pollutant Discharge Elimination System

("NPDES") permit, which governs the discharge of pollutants from the POTW into navigable waters. *See* 40 C.F.R. §§ 403.5(c), 403.8(a), 403.10(e).

19. Under 40 C.F.R § 403.5(d), local limits developed by a POTW in accordance with 40 C.F.R § 403.5(c) constitute pretreatment standards that are federally enforceable under Section 307(d) of the CWA, 33 U.S.C. § 1317(d).

20. Section 309(a) of the CWA, 33 U.S.C. § 1319(a), authorizes the Administrator of EPA to issue an order requiring compliance with enumerated sections of the Act, including Section 307, whenever the Administrator finds that any person is in violation of those sections or any condition or limitation that implements those sections. *See* 33 U.S.C. §§ 1319(a)(1), (a)(3).

21. Under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, any owner or operator of a source who operates that source in violation of any pretreatment standard promulgated under Section 307 of the CWA, 33 U.S.C. § 1317, or who violates any order issued by the Administrator under Section 309(a) of the CWA, 33 U.S.C. § 1319(a), is liable for injunctive relief and civil penalties not to exceed $37,500 per day for each violation that occurred after January 12, 2009 through November 2, 2015; and $54,833 per day for each violation that occurred after November 2, 2015.

## GENERAL ALLEGATIONS

22. As a corporation, Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and is subject to the requirements of the CWA.

23. Defendant owns and operates the Facility.

24. As a result of Defendant's manufacturing operations at the Facility, Defendant generates wastewater that contains "pollutants" as that term is defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6). These pollutants include biochemical oxygen demand ("BOD") and pH.

25. Defendant's Facility is a "source" within the meaning of Section 306(a)(3) of the CWA, 33 U.S.C. § 1316(a)(3), because it is a "building, structure, facility, or installation from which there is or may be the discharge of pollutants."

26. Defendant discharges the pollutant-containing wastewater produced at its Facility to the Oxnard Wastewater Treatment Plant ("OWWTP") in Oxnard, California.

27. The OWWTP is operated by the City of Oxnard and is a "POTW" within the meaning of 40 C.F.R. § 403.3(q).

28. Because Defendant introduces pollutants into the OWWTP from a non-domestic source regulated under section 307(b), (c), or (d) of the CWA, 33 U.S.C. §§ 1317(b), (c), or (d), it is a source of "Indirect Discharge" within the meaning of 40 C.F.R. § 403.3(i) and an "Industrial User" within the meaning of 40 C.F.R. § 403.3(j).

29. Defendant discharges an average of 25,000 gallons per day or more of process wastewater to the OWWTP and is therefore a "Significant Industrial User" within the meaning of 40 C.F.R. § 403.3(v)(ii).

30. The OWWTP receives and treats wastewater from domestic and industrial sources, including Defendant's Facility.

31. The OWWTP discharges wastewater through an outfall into the Pacific Ocean.

32. At all relevant times, the OWWTP "discharged pollutants" through a "point source" to "navigable waters," as those terms are defined in Sections 502(12), (14), and (7) of the CWA, 33 U.S.C. §§ 1362(12), (14), and (7).

33. At all relevant times, the State of California has been authorized by EPA under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), to administer the NPDES program for regulating discharges of pollutants to navigable waters within the jurisdiction of the State.

34. At all relevant times, the State of California has been authorized to administer the CWA's pretreatment program under Section 307 of the CWA, 33 U.S.C. § 1317.

35. California's State and Regional Water Quality Control Boards issue NPDES permits and administer the pretreatment program within California.

36. The State of California, through the Los Angeles Regional Water Quality Control Board, issued NPDES Permit No. CA0054097, effective July 26, 2013, to the City of Oxnard for the OWWTP.

37. On October 11, 2018, the Los Angeles Regional Water Quality Control Board issued a new NPDES permit, with the same permit number, to the City of Oxnard for the OWWTP. That permit became effective December 1, 2018.

38. As required by its NPDES permit and 40 C.F.R. § 403.8(a), the City of Oxnard has established a pretreatment program.

39. At all relevant times, the City of Oxnard's pretreatment program has been approved by the Los Angeles Regional Water Quality Control Board.

40. The City of Oxnard's pretreatment program includes effluent limitations for certain pollutants, including BOD and pH. These effluent limitations constitute federally enforceable "local limits" under 40 C.F.R. § 403.5(d).

41. At all relevant times, the City of Oxnard's local limit for BOD was 800 mg/L.

42. At all relevant times, the City of Oxnard's lower local limit for pH was 6.0 standard units.

43. At all relevant times, the City of Oxnard's upper local limit for pH was 10.0 standard units.

44. Pursuant to the requirements of its NPDES permit, the City of Oxnard limits the introduction of pollutants into the OWWTP by issuing industrial wastewater discharge permits to individual Industrial Users.

45. At all relevant times, Defendant has held an industrial wastewater discharge permit issued by the City of Oxnard with the permit number 88211 ("Pretreatment Permit"). The Pretreatment Permit authorizes Defendant to discharge pollutants from the Facility to the OWWTP, subject to the conditions and effluent limitations set forth in the permit.

46. At all relevant times, the Pretreatment Permit has required Defendant to comply with specified effluent limitations, including the City of Oxnard's local limits for BOD and pH.

47. At all relevant times, the Pretreatment Permit has required Defendant to conduct sampling of BOD and pH twice per month.

48. At all relevant times, Defendant has submitted self-monitoring reports to the City of Oxnard Wastewater Division reporting the results of its sampling activities.

49. At all relevant times, Defendant has been required to comply with the CWA and its Pretreatment Permit. *See* 33 U.S.C. § 1317(d) and 1319(b) and (d); 40 C.F.R. § 403.5(d).

50. On February 11, 2015, EPA performed a Pretreatment Inspection at the Facility. As part of the inspection, EPA observed operations at the Facility, reviewed the self-monitoring data that Defendant had collected over a 36-month period, and observed the sampling station at the Facility. In its inspection report issued on August 24, 2015, EPA found that the Facility had violated pretreatment standards over a 36-month period.

51. Defendant's monitoring data show that the discharge of wastewater from the Facility to the OWWTP exceeded the local limits for pH and BOD in

Complaint
Civil Action No. v2:20-cv-11332

Defendant's Pretreatment Permit on numerous occasions between January 2011 and the date of filing of this Complaint.

52. Following its 2015 Pretreatment Inspection, EPA engaged with Defendant in an effort to bring the Facility into compliance with the CWA.

53. In 2017, EPA and Defendant voluntarily entered into an Administrative Order on Consent ("AOC") issued under Section 309(a) of the CWA, 33 U.S.C. § 1319(a). The AOC was signed by Defendant on February 24, 2017, and by EPA on March 13, 2017.

54. The AOC required Defendant to submit a plan to EPA by May 1, 2017 detailing the steps it had taken and those it planned to take to ensure that its wastewater discharge would consistently comply with applicable pretreatment standards, including the local limits in Defendant's Pretreatment Permit.

55. Under the AOC, Defendant's compliance plan was required to include a design of the proposed system that would be installed and operated to achieve compliance with applicable pretreatment standards.

56. The AOC also required Defendant to complete installation and startup of the proposed system, provide notice of completion to EPA, and achieve consistent compliance with applicable pretreatment standards by November 30, 2017.

57. As of the date of filing of this Complaint, Defendant has failed to install any system to achieve consistent compliance with applicable pretreatment standards. Without such installation, Defendant's discharges of wastewater to the OWWTP will continue to exceed pretreatment standards for BOD and pH.

58. The AOC expressly stated that Defendant's failure to comply with its terms could result in liability for civil penalties under Section 309(d) of the Act, 33 U.S.C. § 1319(d).

**FIRST CLAIM FOR RELIEF**
**(Violations of Pretreatment Standards)**

59. The allegations of the foregoing paragraphs are incorporated by reference.

60. On numerous occasions between at least January 2011 and the date of filing of this Complaint, Defendant violated Section 307(d) of the CWA, 33 U.S.C. § 1317(d), and its Pretreatment Permit by discharging wastewater to the OWWTP with BOD in excess of 800 mg/L.

61. On numerous occasions between at least January 2011 and the date of filing of this Complaint, Defendant violated Section 307(d) of the CWA, 33 U.S.C. § 1317(d), and its Pretreatment Permit by discharging wastewater to the OWWTP with a pH less than 6.0 standard units.

62. On numerous occasions between at least January 2011 and the date of filing of this Complaint, Defendant violated Section 307(d) of the CWA, 33 U.S.C. § 1317(d), and its Pretreatment Permit by discharging wastewater to the OWWTP with a pH greater than 10.0 standard units.

63. Unless enjoined, Defendant's violations are likely to continue.

64. Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, Defendant is liable for injunctive relief and civil penalties of up to $37,500 per day for each violation occurring after January 12, 2009 through November 2, 2015, and up to $54,833 per day for each violation occurring thereafter.

**SECOND CLAIM FOR RELIEF**
**(Violation of Administrative Order on Consent)**

65. The allegations of the foregoing paragraphs are incorporated by reference.

66. Defendant violated the terms of the AOC issued to it under CWA Section 309(a), 33 U.S.C. § 1319(a), by failing to complete installation and

startup of a system to achieve consistent compliance with applicable pretreatment standards by the AOC's deadline of November 30, 2017.

67. Defendant also violated the AOC by failing to achieve consistent compliance with pretreatment standards for BOD and pH by the AOC's deadline of November 30, 2017.

68. Under CWA Section 309(d), 33 U.S.C. §§ 1319(d), and 40 C.F.R. § 19.4, Defendant is liable for civil penalties of up to $54,833 per day for each violation of the AOC.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Permanently enjoin Defendant from operating its Facility in violation of the CWA and the conditions and limitations of its Pretreatment Permit;

B. Order Defendant to promptly take all necessary steps to comply with the CWA and the conditions and limitations of its Pretreatment Permit;

C. Assess civil penalties against Defendant of up to $37,500 per day for each violation of the CWA occurring after January 12, 2009 through November 2, 2015, and up to $54,833 per day for each violation occurring thereafter; and

D. Grant any other relief the Court deems just and proper.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment & Natural Resources Division


*/s/ Davis H. Forsythe*

DAVIS H. FORSYTHE
Senior Counsel
Environmental Enforcement Section

11

| | |
|---|---|
| 1 | Environment & Natural Resources Division |
| 2 | United States Department of Justice |
| | 999 18th Street |
| 3 | South Terrace, Suite 370 |
| 4 | Denver, CO 80202 |
| | Telephone: (303) 844-1391 |
| 5 | Facsimile: (303) 844-1350 |
| 6 | Email: davis.forsythe@usdoj.gov |

OF COUNSEL:
JULIA A. JACKSON
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, CA 94105